UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2009 NOV 16  P 2: 23

SIGN
_____
CIVIL ACTION CLERK

CHAD LANDRY & JEANNE BURNS

VERSUS

LANEY DIRECTIONAL DRILLING CO.
& THE STATE OF LOUISIANA,
THROUGH DEPARTMENT OF
ENVIRONMENTAL QUALITY

NO. 09-615-JVP-SCR

## RULINGS AND ORDER

This matter is before the court on a motion by defendant, the Louisiana Department of Environmental Quality ("DEQ"), to dismiss for failure to state a claim upon which relief can be granted (doc. 7), and on a motion by plaintiffs, Chad Landry and Jeanne Burns, to remand (doc. 8). Plaintiffs oppose the motion to dismiss (doc. 13), and DEQ has replied to the opposition (doc. 16). Defendants, DEQ and Laney Directional Drilling Company ("Laney") oppose the motion to remand (docs. 12 & 17, respectively). Jurisdiction is alleged under 28 U.S.C. §1332. There is no need for oral argument and the matter is now submitted.

## BACKGROUND

Plaintiffs filed this action in the Eighteenth Judicial District Court, Parish of Iberville. The petition alleges that, on March 4, 2009, plaintiff, Chad Landry, discovered that Laney had, without permission, dumped a large volume of "oil field sludge" on property that he owns jointly with Jeanne Burns. According to the

1

petition, Landry called DEQ and asked them to see what had been deposited and test it to see if it was hazardous.  On March 6, 2009, after looking at and smelling the soil, a representative of DEQ advised Landry that nothing hazardous was in the material.  (Petition, ¶¶ 3-8, 14).

The petition further alleges that Landry, dissatisfied DEQ's response,  had the sludge tested by an independent company, which determined that it contained a number of hazardous materials.  Plaintiffs allege that the property has sustained severe damage, and despite having been provided with the test results, neither defendant has cleaned up the site.  Plaintiffs assert that Laney committed the intentional tort of trespass and/or acted negligently in dumping the material on plaintiffs' property and in failing to remediate the material.  The petition also alleges that the DEQ was negligent in failing to properly test the material and in failing to remediate it.  (Petition, ¶¶12-15).

Plaintiffs pray for recovery of the following damages:

> Cost of Testing for Hazardous Materials, Projected Cost for Removal of Hazardous Materials, Analytical Cost for testing of historic trees on said property, Projected Cost for care of historic trees on said property, past, present and future psychological pain and suffering, mental anguish, anxiety, psychological and psychic damages, past present and future loss of enjoyment of life, and inconvenience damages.

(Petition, ¶¶16-17).

Laney removed the action on August 4, 2009, alleging that DEQ had been

2

improperly joined by plaintiffs in order to defeat or prevent removal (doc. 1, ¶¶ IV, VIII).[1]   On August 28, 2009, DEQ filed the present motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.   Shortly thereafter, on September 2, 2009, plaintiffs filed the present motion to remand, asserting that this court lacks diversity jurisdiction because DEQ and plaintiffs are all citizens of Louisiana for purposes of 28 U.S.C. §1332.

## LAW AND DISCUSSION

"The district courts of the United States . . . are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapatta Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2622, 2617, 162 L.Ed.2d 502 (2005) (quoting *Kokkonen V. Guardian Life Ins. Co. Of America*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).   A federal district court must always first address the issue of its subject matter jurisdiction.   See e.g. *University of South Alabama v. American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).   The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000.   *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

---

[1]The notice of removal alleges that both plaintiffs are citizens of Louisiana within the meaning of 28 U.S.C. §1332, and that Laney is a corporation organized under the laws of the State of Texas with its principal place of business in Texas (doc. 1, ¶¶ V-VI).

3

"The doctrine of improper joinder rests on [] statutory underpinnings, which entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'"[2] *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825, 161 L.Ed.2d 755 (2005).  Given that the focus of an improper joinder inquiry must be on the joinder and not the merits of the case, the Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*.

Though removing defendant, Laney, alleges that DEQ was "fraudulently joined," it does not allege that actual fraud was committed in the pleading of jurisdictional facts.  Laney, instead, contends that plaintiffs have failed to establish a cause of action against DEQ.  Therefore, to determine whether joinder is improper "the court may conduct a Rule 12(b)(6)-type  analysis, looking initially at the allegations of the petition to determine whether it states a claim under state law against the in-state defendant." *Smallwood,* 385 F.3d at 573.

In determining whether  plaintiffs have stated a claim sufficient to avoid dismissal under Rule 12(b)(6), the well-pleaded facts alleged in their complaint are accepted as true and the allegations are construed in the light most favorable to

---

[2]The Fifth Circuit has adopted the term "improper joinder" as more consistent with the statutory language than the commonly used  term, "fraudulent joinder."  *Smallwood*, 385 F.3d at 571, n. 1.

them. *Arias-Benn v. State Farm Fire & Casualty Insurance Co.*, 495 F.3d 228, 230 (5th Cir. 2007); *Milofsky v. American Airlines, Inc.*, 404 F.3d 338, 341 (5th Cir. 2005) *cert. denied,* 543 U.S. 1022, 125 S.Ct. 672, 160 L.Ed.2d 498 (2004). "A dismissal for failure to state a claim is disfavored in the law and justified only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Matter of U.S. Abatement Corp.*, 39 F.3d 556, 559, (5th Cir. 1994) (citing *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *Carney v. Resolution Trust Corp.*, 19 F.3d 950, 954 (5th Cir.1994); *Mahone v. Addicks Util. Dist. of Harris County*, 836 F.2d 921, 926 (5th Cir.1988).

The court does not look beyond the face of the pleadings when determining whether a plaintiff has stated a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Nevertheless, the court does not accept as true conclusory allegations, unwarranted factual inferences or legal conclusions.   *Central Laborer's Pension Fund. v. Integrated Electrical Services, Inc.*, 497 F.3d 546, 550 (5th Cir. 2007). A complaint warrants dismissal if it "fail[s] *in toto* to render plaintiff's entitlement to relief plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, n. 14, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

Because Laney alleges diversity jurisdiction, Louisiana substantive law applies.  See *Erie R.R. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188

5

(1938). "Questions of Louisiana law are resolved 'the way the Louisiana Supreme Court would interpret the statute based on precedent, legislation, and relevant commentary.'" *Molden v. Georgia Gulf Corp.*, 465 F.Supp.2d 606, 610 (M.D.La. 2006) (quoting *Occidental Chemical Corp. V. Elliott Turbomachinery Co., Inc.*, 84 F.3d 172, 175 (5th Cir. 1996)).

Plaintiffs allege that DEQ is liable for negligently failing to test the material and for negligently failing to remediate it. Therefore, plaintiffs seek to assert claims against DEQ under Article 2315 of the Louisiana Civil Code, which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." The Supreme Court of Louisiana has described the appropriate negligence analysis as follows:

> Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under La.Civ. Code art. 2315. In order for liability to attach under a duty-risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard of care (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of protection element); and (5) actual damages (the damage element).

*Pinsonnealt v. Merchants & Farmers Bank & Trust*, 816 So.2d 270, 275-76 (La.2002). "A negative answer to any of the elements in the Duty/Risk analysis prompts a no-liability determination." *Joseph v. Dickerson*, 754 So.2d 912, 916

(La.2000).

> A threshold issue in any negligence action is whether the defendant owed the plaintiff a duty. Whether a duty is owed is a question of law. In deciding whether to impose a duty in a particular case, the court must make a policy decision in light of the unique facts and circumstances presented. The inquiry is whether the plaintiff has any law (statutory, jurisprudential, or arising from general principles of fault) to support the claim that the defendant owed him a duty.

*Lemann v. Essen Lane Daiquiries, Inc.*, 923 So.2d 627, 633 (La.2006) (internal citations omitted).

Laney, in opposition to the motion to remand, and DEQ, in support of its motion to dismiss, argue that plaintiffs' petition fails to state a claim against DEQ upon which relief can be granted because DEQ had no duty to either test or remediate the material allegedly deposited by Laney. Plaintiffs argue that DEQ voluntarily assumed a duty to remediate and prevent further contamination of the property when it responded to Landry's request by sending someone out to their property. Plaintiffs, however, point to no statute or caselaw to support that legal conclusion.

Plaintiffs also argue that under Louisiana law, all persons have a duty to act in a reasonably prudent manner under the circumstances, and DEQ, therefore, had a duty to test the material allegedly deposited on the property by Laney. Plaintiffs do not, however, indicate how that general duty gives rise to a specific duty on the part of this defendant to test the soil of this plaintiff under these circumstances

7

beyond the simple visual and olfactory analysis alleged in the petition.

Though it is true that all persons have a general duty to conform to the standard of conduct of a reasonable person under the circumstances, the court must "view the defendant and the actor as individual and unique social actors, rather than representatives of groups of social actors." *Socorro v. City of New Orleans*, 579 So.2d 931, 938 (La.1991). "[W]hether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties." *Joseph*, 754 So.2d at 916 (citing *Socorro*, 579 So.2d at 938).

Not only have plaintiffs failed to direct the court to anything that would give rise to a specific duty on the part of DEQ to either test or remediate the material allegedly placed on their property by a private drilling company, but Louisiana statutory law supports a finding that no such duty exists. Louisiana Revised Statute §30:2271 states that the law provides "a mechanism to the [DEQ] to insure that the costs of remedial actions are borne by those who contributed to the discharge or disposal." LSA–RS §30:2271(B). The statute also provides that "[t]he state cannot and should not bear the costs associated with a private profit making venture." LSA–RS §30:2271(A)(4). Imposing a duty on DEQ to bear the cost of testing and remediating sites upon which material has been allegedly deposited by a private drilling company would clearly be contrary to the policy set forth by the statute.

For the foregoing reasons, the court concludes that DEQ had no legal duty to either test or remediate the material that was allegedly deposited on plaintiffs

property by Laney.  Plaintiffs therefore have failed to establish a claim against the non-diverse defendant, DEQ,  and its joinder does not divest the court of diversity jurisdiction.[3]   Moreover, having found that plaintiffs have failed to state a claim against DEQ upon which relief can be granted, the court concludes that dismissal of DEQ is proper under Rule 12(b)(6).

## CONCLUSION

Accordingly, the motion by plaintiffs, Chad Landry and Jeanne Burns, to remand (doc. 8), is hereby **DENIED**.  The motion by defendant, the Louisiana Department of Environmental Quality, to dismiss for failure to state a claim upon which relief can be granted (doc. 7), is hereby **GRANTED** and the claims against defendant, Louisiana Department of Environmental Quality shall be **DISMISSED**.

Baton Rouge, Louisiana, November 16, 2009.


JOHN V. PARKER
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[3]It is undisputed that the amount in controversy exceeds the jurisdictional minimum.

9